UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. CR98-573-MJP |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMARY REPORT OF U.S. |
| ) | MAGISTRATE JUDGE AS TO |
| RYAN ALAN YOCUM, ) | ALLEGED VIOLATIONS |
| ) | OF SUPERVISED RELEASE |
| Defendant ) | |
| ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on April 23, 2012. The United States was represented by AUSA Jill Otake and the defendant by Kevin Peck. The proceedings were digitally recorded.

Defendant had been sentenced on or about April 6, 1999 by the Honorable William L. Dwyer on charges of Felon in Possession of a Firearm, and sentenced to 180 months custody, 3 years supervised release.

The conditions of supervised release included the standard conditions plus the requirements that defendant participate in a substance abuse program, be prohibited from possessing a firearm or destructive device, participate in a mental health program, provide

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

financial information to his probation officer upon request, and submit to search. (This information is obtained from the Petition for Warrant for Offender Under Supervision, as the earlier documents in this case are not available electronically.)

In an application dated April 18, 2012 (Dkt. 47, 48), U.S. Probation Officer Jennifer Van Flandern alleged the following violations of the conditions of supervised release:

1. Using alcohol on or before December 8, 2011, in violation of the special condition prohibiting the use of alcohol.

2. Associating with Susan E. Brickles, a convicted felon, on December 8, 2011, without the permission of the probation officer, in violation of standard condition 9.

3. Committing the crime of Burglary, 2nd Degree, in King County, Washington, on December 8, 2011, in violation of the general condition that he not commit a federal, state or local crime.

4. Committing the crime of Criminal Trespassing, 1st Degree, in King County Washington, on December 8, 2011, in violation of the general condition that he not commit a federal, state, or local crime.

5. Committing the crime of Assault, 2nd Degree, in King County, Washington, on December 8, 2011, in violation of the general condition that he not commit a federal, state, or local crime.

Defendant was advised in full as to those charges and as to his constitutional rights, and requested an evidentiary hearing before a Magistrate Judge (Dkt. 39). The hearing was held on April 23, 2012, at which time testimony was taken, exhibits were admitted into evidence, and the argument of the parties was considered (Dkt.49). The matter is now ready for decision.

**Findings of Fact and Recommendations**

Violation 1 – Using Alcohol.

Defendant was encountered on December 8, 2011 date at approximately 10:00 pm by Seattle Police Officer Nichols, a sixteen year veteran of the SPD, and three years in the military police. Additional facts relating to that encounter are described below in relation to the other four alleged violations. Officer Nichols observed the defendant drive westbound on Fauntleroy Way SW near 44th Ave SW, and then turn north into a parking lot behind a Zeke's Pizza restaurant where another SPD officer pulled him over. The two officers advised the defendant to step out of the car and he was escorted out of the vehicle and identified. Officer Nichols testified that the defendant appeared "pretty intoxicated", with an odor of alcohol on his breath, slurred speech and slow movements. He was transferred to the precinct in a patrol car.

I find that the government has established by a preponderance of the evidence that defendant has violated the conditions of supervised release as alleged in violation 1, by consuming alcohol on or before December 8, 2011.

The remaining four alleged violations will be discussed together, as they rely on common facts.

Violation 2 – Associating with Susan E. Brickles, a convicted felon

Violation 3 – Committing the Crime of Burglary, 2nd Degree

Violation 4 – Committing the Crime of Criminal Trespassing, 1st Degree

Violation 5 – Committing the Crime of Assault, 2nd Degree

At the time and date in question, SPD Officer Ferreira, Nichols, and Wengard

responded (separately) to a reported disturbance between a male and female at the location of 6518 44th Ave SW in Seattle, a vacant house under construction (Ex. 7.). The report had been called in by neighbors who heard screaming at the location. The officers testified to an encounter with the alleged victim, Susan E. Brickles, in the nearby parking lot behind the Starbucks located at the corner of Fauntleroy Way SW and California Ave SW. She was disheveled, dirty, breathing heavily, and very upset. (Officer Ferreira.) Ms. Brickels had "visible injuries to her arm consisting of swelling and redness, and a "little bit" of blood around her right ear. (Officer Ferreira, Officer Wengard.) She was obviously intoxicated, exhibiting an odor of alcohol, staggering slightly, with rapid mood swings from calm to highly emotional, with dilated pupils and watery eyes. (Officer Wengard, Officer Ferreira.) All three officers testified that Ms. Brickles appeared to be under the influence of alcohol or drugs, or both.

Ms. Brickles told the officers that she had been assaulted in the vacant house located at 6518 44th Ave SW, and claimed that the defendant, Ryan Yocum, was her assailant. She claimed they were in the house together drinking and doing methamphetamine, and that he had pushed her head into a wall and kicked or kneed her. Officer Ferreira testified that the vacant house (Marked "A" on Exhibit 7) is next to a known drug house where the owner allows people to come and go randomly.

Medics responded to the scene and examined Ms. Brickles. She exhibited a very strong pain reaction to pressure on her injured arm, and the medics put an air case on the forearm. While initially cooperative, she became defensive when asked for more details about the incident (Officer Ferreira). She declined to allow photos of her injuries and refused further medical attention. Officer Wengard testified that it seemed as though Ms. Brickles was

beginning to worry that she might implicate herself in the burglary of the vacant house.

Officers Wengard and Nichols testified that while Ms. Brickles was questioned about the assault, she was receiving phone calls from Mr. Yocum on her cell phone. Ms. Brickles told the officers she had left some items in his car and wanted to retrieve them. Officer Wengard recommended she tell Mr. Yocum to return to the scene so she could get her property back. (Ex. 8 shows the location of Mr. Yocum's residence in relation to the vacant house.) Mr. Yocum pulled up to the scene in his vehicle and Ms. Brickles identified him, saying "That's him, that's him." (Officer Wengard.) Ms. Brickles retrieved her items from the vehicle and left the scene, and Mr. Yocum was taken into custody and transported to the precinct by Officer Nichols. (See violation 1 above.)

Officer Wengard and Officer Ferreira went to the vacant house to inspect the scene of the alleged assault. They found damage to the front door of the residence (Exhibit 1). The door had been forced open and damaged, and the deadbolt was still in the extended position. There was a hole in the sheetrock where the door handle had hit when the door was forced open. (Ex. 2,3.) Another hole in the wallboard was found which the officers felt was consistent with Ms. Brickles' testimony that her head had been pushed into the wall. (Ex. 4.) Under the stairs, the officers found items which they identified as belonging to Ms. Brickles, including her Washington State Drivers License. Other items included pepper spray, a bottle of vodka, and a glass pipe such as is used for smoking crack cocaine. No property belonging to Mr. Yocum was found at the scene. (Ex. 5, 6.)

Mr. Yocum was later questioned by his probation officer, Ms. Van Flandern, after he left her a note informing her of his contact with law enforcement, as required by his conditions

of supervised release. His explanation of the events of the evening was that he had offered a ride by a couple whom he had met through acquaintances. They started fighting, and he became uncomfortable, so he dropped them off at the Zeke's pizza restaurant. Asked for their names, he told Ms. Van Flandern the woman's name was Susan, but he didn't know them and didn't remember the names of either the couple or the mutual acquaintances.

Ms. Brickles is a convicted felon. The parties stipulate that the defendant did not have the permission of the owner to enter the residence at 6518 44th Avenue SW, although defendant disputes that he was in the residence.

I find that the government has established by a preponderance of the evidence that defendant has violated the conditions of supervised release as alleged in violation 2, by associating with Susan E. Brickles, a convicted felon, on December 8, 2011. By defendant's admission, he was associating with Ms. Brickles and gave her a ride in his vehicle. She left some personal items in his vehicle. They had enough contact that either she had his phone number or he had hers, because they communicated by telephone so that she could retrieve her items. While defendant asserts that the evidence does not establish that he knew Ms. Brickles was a convicted felon, the Court finds he should be held responsible for, at a minimum, a reckless lack of curiosity about the background of the persons he was associating with, in light of the fact that his conditions of supervised release imposed this duty.

With regard to alleged violations 3, 4, and 5, I find that the government has not established by a preponderance of the evidence that defendant has violated the conditions of supervised release as alleged. While it certainly appears that Ms. Brickles suffered bodily injury, and likely entered the premises in question, the only evidence that she was assaulted by

the defendant is her hearsay statement to the officers.  None of the defendant's possessions were found at the residence.   Ms. Brickles' credibility is called into question by her own illegal entrance onto the premises, and her consumption of alcohol and other substances to the point of intoxication.  Although the available evidence is not necessarily exculpatory of defendant, he does not bear the burden of proof in a supervised release revocation proceeding.   The evidence is simply not adequate to tangibly connect the defendant to the scene or to Ms. Brickles' assault.

### **Summary**

I recommend the Court find defendant violated the conditions of supervised release as alleged in violations 1 and 2, that the Court dismiss alleged violations 3, 4, and 5, and that the Court hold a hearing limited to the issue of disposition on violations 1 and 2. Pending a final determination by the Court, defendant has been detained.

DATED this 30th day of April, 2012.

Mary Alice Theiler  
United States Magistrate Judge

cc:   District Judge:          Honorable Marsha J. Pechman  
      AUSA:                    Jill Otaki  
      Defendant's attorney:    Kevin Peck  
      Probation officer:       Jennifer Van Flandern